AO 242 (Rev. 09/17) Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241

# UNITED STATES DISTRICT COURT
for the

)
)
)
**KEVIS WHITE,**
*Petitioner*
)
)
)
v.   Case No. 5:23-cv-719-MSS-PRL
*(Supplied by Clerk of Court)*
)
)
**JASON GUNTHER, WARDEN, FCI COLEMAN LOW** )
*Respondent*
*(name of warden or authorized person having custody of petitioner)*

FILED - USDC - FLMD - OCA
DEC 14 2023 AM 10:43

## PETITION FOR A WRIT OF HABEAS CORPUS UNDER 28 U.S.C. § 2241

### Personal Information

1. (a) Your full name: Kevis White
   (b) Other names you have used: NONE
2. Place of confinement:
   (a) Name of institution: FCI Coleman Low
   (b) Address: P.O Box 1021
       Coleman, FL 33521-1021
   (c) Your identification number: 73625-018
3. Are you currently being held on orders by:
   ☒ Federal authorities   ☐ State authorities   ☐ Other - explain:

4. Are you currently:
   ☐ A pretrial detainee (waiting for trial on criminal charges)
   ☒ Serving a sentence (incarceration, parole, probation, etc.) after having been convicted of a crime
   If you are currently serving a sentence, provide:
   (a) Name and location of court that sentenced you: United States District Court for the Middle District of Florida
   (b) Docket number of criminal case: 8:20-CR-0187-T-36AAS
   (c) Date of sentencing: 03/18/2021
   ☐ Being held on an immigration charge
   ☐ Other *(explain)*:

### Decision or Action You Are Challenging

5. What are you challenging in this petition:
   ☐ How your sentence is being carried out, calculated, or credited by prison or parole authorities (for example, revocation or calculation of good time credits)

Page 2 of 9

☐ Pretrial detention
☐ Immigration detention
☐ Detainer
☐ The validity of your conviction or sentence as imposed (for example, sentence beyond the statutory maximum or improperly calculated under the sentencing guidelines)
☐ Disciplinary proceedings
☒ Other (explain): Calculation & credit of time served in pretrial detention

6. Provide more information about the decision or action you are challenging:
   (a) Name and location of the agency or court: United States District Court for the Middle District of Florida
   (b) Docket number, case number, or opinion number: 8:20-CR-0187-T-36AAS
   (c) Decision or action you are challenging (for disciplinary proceedings, specify the penalties imposed):

   The sentencing Court failed to grant credit for time served in pretrial detention amounting to two hundred eighty-two (282) days.

   (d) Date of the decision or action: May 21, 2021

### Your Earlier Challenges of the Decision or Action

7. **First appeal**
   Did you appeal the decision, file a grievance, or seek an administrative remedy?
   ☐ Yes      ☒ No
   (a) If "Yes," provide:
       (1) Name of the authority, agency, or court:

       (2) Date of filing:
       (3) Docket number, case number, or opinion number:
       (4) Result:
       (5) Date of result:
       (6) Issues raised:

   (b) If you answered "No," explain why you did not appeal: No appeal exists, with the exception of a 28 U.S.C 2241 action, which now follows.

8. **Second appeal**
   After the first appeal, did you file a second appeal to a higher authority, agency, or court?
   ☐ Yes      ☒ No

(a) If "Yes," provide:
    (1) Name of the authority, agency, or court:

    (2) Date of filing:
    (3) Docket number, case number, or opinion number:
    (4) Result:
    (5) Date of result:
    (6) Issues raised:

(b) If you answered "No," explain why you did not file a second appeal:
Not reached this level.

9. **Third appeal**
After the second appeal, did you file a third appeal to a higher authority, agency, or court?
☐ Yes    ☒ No

(a) If "Yes," provide:
    (1) Name of the authority, agency, or court:

    (2) Date of filing:
    (3) Docket number, case number, or opinion number:
    (4) Result:
    (5) Date of result:
    (6) Issues raised:

(b) If you answered "No," explain why you did not file a third appeal:
The Petitioner has not reached a third-level appeal at this time.

10. **Motion under 28 U.S.C. § 2255**

In this petition, are you challenging the validity of your conviction or sentence as imposed?
☐ Yes    ☒ No

If "Yes," answer the following:
(a)     Have you already filed a motion under 28 U.S.C. § 2255 that challenged this conviction or sentence?
    ☐ Yes    ☐ No

If "Yes," provide:
(1) Name of court:
(2) Case number:
(3) Date of filing:
(4) Result:
(5) Date of result:
(6) Issues raised:

(b) Have you ever filed a motion in a United States Court of Appeals under 28 U.S.C. § 2244(b)(3)(A), seeking permission to file a second or successive Section 2255 motion to challenge this conviction or sentence?
☐ Yes   ☒ No
If "Yes," provide:
(1) Name of court:
(2) Case number:
(3) Date of filing:
(4) Result:
(5) Date of result:
(6) Issues raised:

(c) Explain why the remedy under 28 U.S.C. § 2255 is inadequate or ineffective to challenge your conviction or sentence:

```
An action under 28 U.S.C 2255 is not the appropriate
vehicle to raise a challenge to calculations for
pretrial detention credit. An action under 28 U.S.C
2241 is the appropriate vehicle for such a challenge.
```

11. **Appeals of immigration proceedings**
Does this case concern immigration proceedings?
☐ Yes   ☒ No
If "Yes," provide:
(a) Date you were taken into immigration custody:
(b) Date of the removal or reinstatement order:
(c) Did you file an appeal with the Board of Immigration Appeals?
☐ Yes   ☐ No

If "Yes," provide:
(1) Date of filing:
(2) Case number:
(3) Result:
(4) Date of result:
(5) Issues raised:

(d) Did you appeal the decision to the United States Court of Appeals?
☐ Yes ☐ No
If "Yes," provide:
(1) Name of court:
(2) Date of filing:
(3) Case number:
(4) Result:
(5) Date of result:
(6) Issues raised:

12. **Other appeals**
Other than the appeals you listed above, have you filed any other petition, application, or motion about the issues raised in this petition?
☐ Yes ☒ No
If "Yes," provide:
(a) Kind of petition, motion, or application:
(b) Name of the authority, agency, or court:

(c) Date of filing:
(d) Docket number, case number, or opinion number:
(e) Result:
(f) Date of result:
(g) Issues raised:

## Grounds for Your Challenge in This Petition

13. State every ground (reason) that supports your claim that you are being held in violation of the Constitution, laws, or treaties of the United States. Attach additional pages if you have more than four grounds. State the facts supporting each ground. Any legal arguments must be submitted in a separate memorandum.

    **GROUND ONE**: PETITIONER IS ENTITLED TO RECEIVE CREDIT TOWARD HIS IMPOSED SENTENCE FOR ALL TIME SPENT IN OFFICIAL DETENTION PRIOR TO TRIAL OR PENDING DISPOSITION OF A CRIMINAL PROCEEDING.

    (a) Supporting facts *(Be brief. Do not cite cases or law.)*:
    From August 13, 2020 through and including May 21, 2021, the Petitioner was under house arrest in his residence, also referred to as "home detention", and was constantly monitored by the Government using an electronic, GPS-enabled, monitoring device. This device was permanently attached to the Petitioner's ankle.

    (b) Did you present Ground One in all appeals that were available to you?
    ☐ Yes    ☒ No

**GROUND TWO**:

    (a) Supporting facts *(Be brief. Do not cite cases or law.)*:

    (b) Did you present Ground Two in all appeals that were available to you?
    ☐ Yes    ☐ No

**GROUND THREE**:

    (a) Supporting facts *(Be brief. Do not cite cases or law.)*:

    (b) Did you present Ground Three in all appeals that were available to you?
    ☐ Yes    ☐ No

**GROUND FOUR:**

(a) Supporting facts *(Be brief. Do not cite cases or law.)*:

(b) Did you present Ground Four in all appeals that were available to you?
☐ Yes             ☐ No

14. If there are any grounds that you did not present in all appeals that were available to you, explain why you did not: The Petitioner did not have any appeals available to him to challenge this decision or action, absent an action under 28 U.S.C 2241.

## Request for Relief

15. State exactly what you want the court to do: Petitioner is requesting that the Court grant him a Writ of Habeas Corpus requiring that credit in the amount of two hundred eighty-two (282) days applied toward Petitioner's sentence for time spent in official detention pending resolution of his instant criminal matter.

AO 242 (Rev. 09/17) Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241

## Declaration Under Penalty Of Perjury

If you are incarcerated, on what date did you place this petition in the prison mail system: 

I declare under penalty of perjury that I am the petitioner, I have read this petition or had it read to me, and the information in this petition is true and correct. I understand that a false statement of a material fact may serve as the basis for prosecution for perjury.

Date: 12-6-23

*Signature of Petitioner*

*Signature of Attorney or other authorized person, if any*

Page 9 of 9

Kevis White
Reg #73625-018
FCI Coleman Camp
PO Box 1027
Coleman, FL 33521-1027

UNITED STATES DISTRICT COURT

FOR THE

MIDDLE DISTRICT OF FLORIDA

OCALA DIVISION

| | |
|---|---|
| KEVIS WHITE, )<br>)<br>vs.  )<br>)<br>JASON GUNTHER, WARDEN, )<br>FCI COLEMAN CAMP )<br>)<br>Respondent. ) | CAUSE NO.: 5:23-CV-719-MSS-PRL |

MEMORANDUM OF LAW IN SUPPORT OF

PETITION FOR WRIT OF HABEAS CORPUS

**COMES NOW,** Petitioner Kevis White, pro se, and hereby submits his Memorandum of Law in Support of his Petition for Writ of Habeas Corpus.

### I. BACKGROUND FACTS

Petitioner has filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C 2241 ("Petition") in the above-entitled cause of action related to calculations of his pre-trial confinement time. The Petitioner has alleged, and currently maintains, that the Government has failed to credit a total of two hundred eighty-two (282) days of pre-trial confinement time toward his sentence calculations.

Petitioner was arrested in 2020 as a result of an Indictment being filed in his original cause of action. (See, United States of America vs. Kevis White, USDC FL MD, 8:20-CR-0187-T-36AAS). Petitioner was charged with Conspiracy to Possess with Intent to Distribute 50g or more of Methamphetamine a felony, in violation

-1-

of 21 U.S.C. 841(b)(1)(A)(viii), and 21 U.S.C. 846.

Petitioner eventually received a pre-trial detention hearing and as a result of that hearing, the Petitioner was released to home detention with a GPS-monitoring device requirement. Petitioner was released to home detention on August 13, 2020 and remained in that status until May 21, 2021. The period comprises of two hundred eighty-two (282) days.

On March 18, 2021, the Petitioner was sentenced to a term of imposed incarceration of one hundred twenty (120) months, to be immediately followed by sixty (60) months of supervised release. At sentencing, the Court did not credit the Petitioner with any time served in official detention pending the resolution of the case.

On May 21, 2021, the Petitioner entered the custody of the Federal Bureau of Prisons ("BOP") as a result of the criminal conviction. Upon entering BOP custody, the Designation and Sentence Computation Center ("DSCC") in Grand Prairie, Texas, performed a sentence calculation and posted that information into BOP's SENTRY system. However, the calculations made by the DSCC also did not contain credit for the time in which Petitioner spent in pre-trial home detention

Petitioner has requested that the BOP, DSCC and other officials review the record and credit his sentence calculations with the time he served in pre-trial detention awaiting disposition in this matter and those efforts have proved fruitless.

As a result of the failure of the government to correctly apply pre-trial detention credits toward Petitioner's sentence, this action now follows.

## II. ARGUMENT

Petitioner is arguing that his time spent in home detention awaiting disposition in this matter constitutes "official detention" and as such, he is entitled to receive credit for the time spent in that status.

Petitioner would argue that 18 U.S.C. 751 provides the plain-language law of what constitutes "in custody":

> (a) Whoever escapes or attempts to escape from the custody of the Attorney General or his authorized representative, or from any institution or facility in which he is confined by direction of the Attorney General, or **from any custody under or by virtue of any process issued under the laws of the United States by any court, judge, or commissioned** [United States magistrate judge], or from the custody of an officer **or cmployee of the United States** pursuant to a lawful arrest, shall, if the custody or confinement of any offense, be fined under this title or imprisoned not more than five years, or both;...

18 U.S.C. 751(a) (emphasis added).

Petitioner was in custody of the United States Probation Office, under the authority and control of the United States District Court for the Middle District of Florida, which constitutes 'virtue of any process'.

The term "In Custody" is defined as "Custody of a person (such as an arrestee) whose freedom is directly controlled and limited." Black's Law Dictionary (11th Ed. 2019). Petitioner would argue that his freedom and movement was extremely limited and the movement in which he was permitted, was controlled by the United States Probation Office.

There are several Circuit's that are split on the issue of what constitutes "in custody" for the purposes of pre-trial confinement credit. This split makes fundamentally unfair to some defendants and should be addressed in the United States Supreme Court so that a clear path can be created for all affected parties. However, until such time as that happens, the 11th Circuit should follow suit with other circuits that have granted pre-trial confinement credit for offenders who were under home detention pending disposition in their criminal causes of action.

Petitioner would argue that a person who can be found guilty of the crime of escape is in official detention and thus, entitled to credit for that time being served. If a person is (1) arrested on a charge of a felony and then (2) placed in any custody (3) by virtue of any process issued under the laws of the United States (4) by any court, judge or magistrate judge, and then (5) escapes from that custody, then he has violated 18 U.S.C. 751(a). As such, this is official detention

-3-

in every sense of the phrase.

The word 'custody' in 18 U.S.C. 751 does much of the work to define what the word means. However, an arrestee whose freedom was directly controlled and limited, because he was not permitted to leave his residence without permission, and was subject to express rules while living at that residence, is therefore in custody or official detention for the purposes of receiving credit for time served in that status. United States v. Rakes, 510 F.3d 1280, 1289 (10th Cir. 2007).

The Tenth Circuit has also found that a person who is a pretrial resident in a halfway house is in custody. See, United States v. Swanson, 253 F.3d 1220 (10th Cir. 2001); United States v. Dephew, 977 F.2d 1412 (10th Cir. 1992); Credille v. United States, 354 F.2d 652 (10th Cir. 1965). There is little difference between a halfway house and home detention. Both statuses require that an arrestee or detainee follow a schedule, that they have established schedules, and are required to frequently check in with a supervising person, such as a probation officer or other monitoring person.

The failure of the government to credit the Petitioner with the time spent in pre-trial home confinement results in a lengthened term of confinement and is unconstitutional. This effectively extends the Petitioner's sentence by almost nine and a half months.

### III. CONCLUSTION

For the above and foregoing reasons, and in reliance upon the record, the Petitioner would assert that he is entitled to the relief requested in the Petition for Writ of Habeas Corpus and that the Court should grant him credit for time spent in pretrial confinement.