UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

**KEVIS WHITE,**

        **Petitioner,**

v.                              Case No.  5:23-cv-719-MSS-PRL

**WARDEN, FCI COLEMAN - LOW,**

        **Respondent.**
_____/

**ORDER**

THIS CAUSE is before the Court on Kevis White's Petition for Writ of Habeas Corpus ("Petition," Doc. 1) filed pursuant to 28 U.S.C. § 2241. Petitioner alleges the Federal Bureau of Prisons ("BOP") has incorrectly calculated his federal sentence by failing to give him sentencing credit for the time he had spent in home confinement before he was sentenced and went to prison. For the reasons set forth below, the Petition is dismissed.

**I.     BACKGROUND**

Petitioner is a federal inmate incarcerated at Pensacola FPC.[1] In July 2020, Petitioner plead guilty to conspiring to possess 50 grams of more of methamphetamine with the intent to distribute it, in violation of 21 U.S.C. § 846. (Criminal Case No.

---

[1] Petitioner was an inmate at FCI Coleman Low, within this division and district, when he initiated this case.

8:20-cr-187-CEH-AAS-1 (M.D. Fla.)). In August 2020, Petitioner was granted pre-sentence release. (Criminal Case Doc. 56). In March 2021, Petitioner was sentenced to 120 months imprisonment. (Criminal Case Doc. 137). Petitioner was initially ordered to self-surrender on April 30, 2021, but the Court granted his request to extend his self-surrender date to May 21, 2021. (Criminal Case Docs. 140, 141).

On December 14, 2023, Petitioner filed his Petition challenging the calculation of his sentence. (Doc. 1). He seeks to have the 282 days he spent under house arrest credited towards his time in official detention. *Id*. Respondent moves to dismiss the Petition based on lack of exhaustion, or alternatively, to deny the Petition because the Eleventh Circuit Court of Appeals has held that pre-trial home detention is not official detention, and he is not entitled to credit for that time. (Doc. 6). Petitioner did not reply but filed a Notice of Appeal instead. (Doc. 8).

## II.   ANALYSIS

### A.  Exhaustion of Administrative Remedies

As a prerequisite to federal review, a petitioner must first exhaust his administrative remedies. *Santiago-Lugo v. Warden*, 785 F.3d 467, 474–75 (11th Cir. 2015). Though exhaustion is not considered jurisdictional in a § 2241 proceeding, courts may not "disregard a failure to exhaust and grant relief on the merits if the respondent properly asserts the defense." *Id*. at 475. District courts follow a two-step process to determine whether to dismiss a § 2241 petition for failure to exhaust administrative remedies. *Blevins v. FCI Hazelton Warden*, 819 F. App'x 853, 854 (11th Cir. 2020) (citing *Turner v. Burnside*, 541 F.3d 1077 (11th Cir. 2008)). First, a court

looks to the facts alleged by the Petitioner and the respondent. *Id*. at 856. If the parties' factual allegations conflict, the court accepts as true the petitioner's version of events. *Id*. Where the Petitioner's allegations establish his failure to exhaust administrative remedies, the court must dismiss the petition. *Id*.

If the Petitioner's factual allegations do not support the dismissal of his petition at the first step, however, the court proceeds to the second step of its analysis. *Id*. There, the respondent bears the burden of establishing that the inmate failed to exhaust his administrative remedies. *Id*. The court must "make specific findings in order to resolve the disputed factual issues related to exhaustion." *Id*. Upon making such findings, the court determines whether the Petitioner has exhausted his administrative remedies. *Id*. at 857.

Because Petitioner and Respondent's factual allegations do not conflict, the Court may resolve this matter at the first step of the analysis. Both parties agree that Petitioner has not exhausted his administrative remedies. *See* Doc. 1 at 2; Doc. 6 at 3–4. A BOP administrative remedy report reveals that Petitioner has failed seek administrative review regarding his sentence calculation prior to initiating this case. (Doc. 7 at 5–6). Thus, Petitioner has not exhausted his administrative remedies. The Petition is therefore due to be dismissed.

### III.   CONCLUSION

It is therefore **ORDERED** and **ADJUDGED** as follows:

1. The Petition (Doc. 1) is **DISMISSED without prejudice**.

2. The Clerk of Court shall terminate any pending motions and close this case.

**DONE** and **ORDERED** in Tampa, Florida on March 28, 2025.

_____
MARY S. SCRIVEN
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Party